John Parker et al. v. Mrs. D. Nusbaumer et al.

Decided April 1, 1899.

**1.  Trespass to Try Title—Practice Below—Dismissal as to One Defendant.**

Where plaintiffs sued N. and C. in trespass to try title, alleging as to C. merely that he claimed an interest in the land, it was error for the court, upon the trial and over plaintiff's objections, to permit the attorney who was counsel for both N. and C. to withdraw C.'s answer and, upon the ground that he was not a necessary party, have an order entered dismissing C. from the case, thus enabling N. to use his testimony as to declarations made by plaintiff's ancestor, since deceased, under whom plaintiffs claimed as heirs.

**2.  Same—Parties—Evidence of Transactions with Decedent.**

A defendant in trespass to try title who is merely a warrantor of the other defendants, is not a necessary party, and is not precluded from testifying as to declarations of plaintiffs' deceased ancestor through whom they claim as heirs; but when plaintiffs allege that one whom they have made a defendant "claims an interest in the land," they are entitled to have that issue tried.

APPEAL from Dallas.  Tried below before Hon. W. J. J. Smith.

*J. J. McCoy, J. C. Kirby*, and *Thos. B. Greenwood*, for appellants.

*W. B. Gano* and *W. N. Coombs*, for appellees.

RAINEY, Associate Justice.—This is an action of trespass to try title brought by appellants against appellees to recover 1000 acres of the Thos. Lagow survey.  Mrs. Nusbaumer, one of the defendants, answered disclaiming title to the land except as to $29\frac{1}{2}$ acres, describing same by metes and bounds, and pleading the three, five, and ten years statutes of limitation, and stale demand.  Defendants Crutchfield and wife were not served, but an answer was filed for them by the attorneys of Mrs. Nusbaumer, adopting her answer, which was withdrawn and a dismissal had as to them.  Appellees recovered judgment, from which appellants appeal.

After plaintiffs had introduced their evidence defendants offered the depositions of J. O. Crutchfield, which was objected to because it related to a conversation had by said Crutchfield with Armistead Bennett, through whom apellants claim as heirs.  Defendants' counsel then asked to withdraw the answer of Crutchfield and wife, as they were not necessary parties.

The court permitted the answer to be withdrawn, dismissed Crutchfield and wife from the case, and admitted the testimony.  This proceeding was objected to, and counsel for appellant reserved a bill of exception.  To this bill the court appended the following explanation: "When the cause was called for trial plaintiffs announced that they would have to continue for service on J. O. Crutchfield and wife, unless he would enter their appearance.  Thereupon attorney for Mrs. D. Nusbaumer stated that he wanted a trial, and if forced to answer for Crutchfield and wife in order to get a trial, he would answer for Crutchfield and wife rather than have the case continued, but that she was not a necessary party.  The

court stated that it could not say until he knew more about the case whether she was a necessary party or not. Thereupon attorney for defendant Nusbaumer filed answer for Crutchfield and wife. The case then proceeded. When said deposition of said Crutchfield was offered and objection was made and sustained, counsel for defendant Nusbaumer asked leave to withdraw said answer of Crutchfield and wife because they were not necessary parties, and Mrs. Nusbaumer was not seeking to hold them on their warranty. Whereupon the court ruled that they were not a necessary party as far as plaintiffs were concerned, and as defendant Nusbaumer was asking no relief against them, they were permitted to withdraw the answer and were dismissed from the court, and said depositions admitted, and the court then stated that plaintiffs could apply for a continuance, which they did, for service on Crutchfield, stating that they had heard that Crutchfield had made a declaration that they had never been settled with, and that plaintiffs were not prepared at that time to introduce evidence to that effect, but if they had time they would. Whereupon the court stated that plaintiffs could withdraw their announcement. That they rested and introduced further testimony they desired, and the application for continuance was overruled. And plaintiffs did not at any time during the trial, and did not on motion for new trial, introduce any evidence as to the supposed declarations or interest of Crutchfield and wife."

We are of the opinion that the court erred in this proceeding. Crutchfield and wife were made parties by proper allegations as to their claiming some interest in the land, and having answered asserting title, the court should not have permitted a withdrawal of their answer, as no sufficient reason was given therefor and plaintiff was entitled to have the issue of their claim to the land determined in this proceeding. They did not disclaim any title or interest in the land, and no plea in abatement was filed by them claiming not to be necessary parties to the suit, or that they were fraudulently made parties for the purpose of excluding Crutchfield's testimony. They were not entitled to consideration on the ground that they filed an answer under protest to prevent a continuance of the cause on the merits. The filing of an answer under the circumstances was purely voluntary and can in no sense be construed as compulsory. Plaintiffs were not bound to withdraw their announcement of ready and take a continuance under the requirements of the court, and they waived none of their rights in not so doing. Under the pleadings the plaintiffs were not burdened with the necessity of showing what the claim of Crutchfield and wife was to the land. If plaintiffs' testimony standing alone was sufficient to show title in them, and we think it was, plaintiffs were entitled to recover, unless Crutchfield and wife showed a superior title to the land. No obligation rested on plaintiffs to show that they were necessary parties, and the court erred in requiring them to so show to prevent a withdrawal of the answer.

Under the circumstances we do not feel authorized in holding, as contended by appellee, that the evidence shows that Crutchfield and wife were

not proper parties and that appellants were not injured by the action of the court.

Crutchfield and wife being shown by the pleadings to be proper parties to the suit, it was error to admit Crutchfield's testimony as to a conversation had with Armistead Bennett. Rev. Stats., art. 2302. He was not precluded from testifying, however, by being the warrantor of Mrs. Nusbaumer.

We do not wish to be understood to hold that the allegation in plaintiffs' petition that Crutchfield and wife were warrantors of the title to Mrs. Nusbaumer made them necessary or proper parties to be made by plaintiffs. Plaintiffs have no interest in their contract and can not force them to litigate that question in this proceeding, as that is a right accorded alone to Mrs. Nusbaumer. But under the allegation that they were claiming an interest in the land, the plaintiffs were entitled to have that issue settled in this proceeding, and the court erred in dismissing as to them.

The court submitted the case to the jury on special issues. The two issues submitted being, first, whether or not the deed from Armistead Bennett to Dan Parker and wife was delivered before the death of Armistead Bennett; and second, as to the length of time peaceable and adverse possession of the land was held by defendant Nusbaumer and those under whom she claimed. The court in its charge gave the statutory definition of peaceable and adverse possession. The jury answered the first issue in the affirmative. On the issue of possession the jury answered that Mrs. Nusbaumer and those under whom she claimed held possession from December, 1854, to December 30, 1887, that is, "Floyd and heirs held peaceable possession from December 7, 1854, to October 22, 1870, and D. Nusbaumer from December 7, 1870, to December 30, 1887, and Fannie Crutchfield from October 22, 1870, to December 7, 1870." No instruction was given the jury informing them what was necessary to perfect title to land by the three, five, or ten years statutes of limitation, nor was there any issue submitted as to plaintiffs' disabilities that would affect the running of limitation, though special instructions were asked by plaintiffs in reference to all these matters. The instructions were not in the usual form of special issues of fact, but were sufficient to call the attention of the court to certain phases of limitation which plaintiff was entitled to have submitted to the jury, and the court should have properly submitted them, either in form of special issues of fact or in the form of instructions.

The law requires that when a case is submitted on special issues the court should submit all issues made by the pleadings. If, however, any issue is omitted and no request is made to submit it, upon appeal or writ of error it "shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such a finding." Rev. Stats., art. 1331, as amended June 18, 1897. We are unable to tell from the manner in which the case was presented to the jury upon what issue the court based its judgment, whether upon the finding of the

jury as to the delivery of the deed from Bennett to Dan Parker, or upon the finding of adverse possession, or both. If upon the finding that there was a proper delivery of the deed, then the judgment can not stand on account of the admission of the testimony of Crutchfield, he being a party to the suit, which question is heretofore discussed. If upon the evidence of three years limitation, then it can not stand, as such limitation depended upon the proper execution and delivery of the deed from Bennett to Parker, and the evidence of Crutchfield, improperly admitted, affects that question. If upon the issue of five years limitation, there is no evidence of an adverse possession under a deed duly recorded for that length of time prior to the institution of this suit. If upon the issue of ten years possession, the evidence is not sufficient to show an actual continuous possession of the land for that length of time, exclusive of the time the statute was suspended by reason of the civil war.

The evidence does not connect the actual possession of Mrs. Nusbaumer with that of those under whom she claims, Crutchfield and wife; nor does it show that ten years actual continuous possession was held by either, exclusive of the time the statute was suspended.

This being the state of the evidence, aside from the question of disabilities of plaintiffs, it would not sustain a verdict based on the five or ten years statute of limitation, so it is immaterial whether or not the special charges asked on these issues were sufficient to require their submission to the jury.

The judgment is reversed and cause remanded.

*Reversed and remanded.*